## THE AMERICAN LOAN & REALTY Co v SMITH et

Ohio Appeals, 2nd Dist, Greene Co
No. 345. Decided May 21, 1931

M. D. Rice, Osborn, for Dennis.
Miller & Finney, Xenia, for Smith et.

**ALLREAD, J.**

The sole question in the case is as to the right of the judgment debtors, Ethel J. and James C. Smith to demand an allowance in lieu of a homestead out of this money which arose from insurance upon furniture which was exempt. So far as the money itself is concerned, apart from its source, it is not exempt from execution. This was held in the case of **Bank v Viona, 122 Oh St 28.** It is claimed, however, on behalf of Ethel J. and James C. Smith that the money here arises from insurance upon property, and is exempt from execution and this is the question which we have to determine. Our exemption statutes have been liberally construed in favor of the persons entitled to exemptions. In the late case of **Dean v McMullen, 109 Oh St, 311,** a liberal construction as to waivers of exemptions was allowed. The Supreme Court in that case cites, first, certain nisi prius cases which, it is stated, would be the general rule

on the subject. They then quote from 11 Ruling Case Law under insurance, Section 45 as to proceeds of fire insurance policies:

"While there is strong authority for the proposition that the amount due on the proceeds of an insurance policy covering exempt property which has been injured or destroyed does not partake of the exempt character of the property, the reverse of this is apparently the better and more reasonable rule. The exemptions should persist until a reasonable time at least has elapsed to enable the insured to replace the property destroyed with property of a similar nature. The object of the insurance, it is true, is not to protect the insured property, it is, however, to protect the means by which such property can be replaced if destroyed. The fact that the money paid for the insurance was not exempt from execution cannot affect the question."

The liberal rule of this authority is, we think, a reasonable one and one in harmony with the decisions of our Supreme Court. A mortgagee has the right to regard the mortgaged property as still in existence and claim his equity in the proceeds of the insurance. We have no doubt of this. There is some doubt as to the rights of a judgment creditor for a court to hold that the money is exempt without giving the owners thereof the right to purchase exempt property from the money and restore it as the property was prior to the loss. Here the exempt property was destroyed without the consent of the defendants who are now claiming exemption in funds arising from insurance on such exempt property. To hold that exempt property may be converted as shown here, and the proceeds held not exempt would be a narrow constructon of the statute providing for exemption instead of a liberal construction. Among other authorities we find the case of Millinery Company v 'Round, in 106 Kansas 146, wherein it is said:

"It will next be considered whether the proceeds of the insurance policy covering the exempted stock in trade were likewise exempted from seizure under forced process. Appellant cites cases from other jurisdictions holding that the proceeds of insurance upon exempt property are not exempt. But it was held long ago that our exemption law is in effect a Kansas institution, to be interpreted and applied in the spirit of Kansas jurisprudence and that Kansas leads and does not follow in the interpretation of laws of this character."

In the third syllabus it is held,

"The proceeds of an insurance policy. which covers personal property which was exempt from forced process, as stock in trade, and which was destroyed by fire stand in the place of the .exempt property and are likewise exempt from forced process and to the same extent."

Under the liberal rule of our decisions we are strongly inclined to the view that the debtors are entitled to an exemption in the insurance money arising from exempted property. The judgment of the Court of Common Pleas must, therefore, be reversed and the cause remanded for a new trial.

HORNBECK and KUNKLE, JJ, concur.